UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:23-CV-22521-CMA

BENAISA MANNING,

    Plaintiff,

vs.

NCL (BAHAMAS) LTD.,
d/b/a NORWEGIAN CRUISE LINES,
a Bermuda corporation,

    Defendant.
_____/

**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, BENAISA MANNING, a citizen and resident of Florida, hereby sues Defendant, NCL (BAHAMAS) LTD., a Bermuda corporation with its principal place of business in Florida doing business as NORWEGIAN CRUISE LINES, and alleges:

**JURISDICTION, VENUE AND PARTIES**

1.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1333, based on admiralty. The events and injuries alleged below occurred on navigable waters and arose from activities connected to traditional maritime activity, the operation of a passenger cruise vessel.

2.    Plaintiff, BENAISA MANNING, is a citizen of Florida, and is otherwise *sui juris*.

3.    Defendant NCL (BAHAMAS) LTD. ("Defendant" or "NCL") is a Bermuda corporation with its principal place of business in Miami-Dade County, Florida. Defendant is both a citizen of Bermuda and a citizen of Florida for purposes of determining subject matter jurisdiction over this action.

4. At all material times, Defendant NCL was operating under the fictious name "NORWEGIAN CRUISE LINES."

5. At all material times, Defendant NCL has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, in the Southern District of Florida, so that in personam jurisdiction over Defendant exists in the United States District Court for the Southern District of Florida.

6. At all material times, Defendant NCL was, and is, engaged in the business of operating maritime cruise vessels for fare paying passengers, including the Plaintiff.

7. In the operative ticket contract, Defendant requires fare paying passengers such as the Plaintiff to bring any lawsuit against it arising out of injuries or events occurring on the cruise voyage in this federal judicial district, and venue is proper in this Court.

8. Venue is also proper in this Court because Defendant's principal place of business is located within this judicial district.

9. Plaintiff has complied with all conditions precedent to bringing this action, including providing Defendant with timely notice as required by the ticket contract.

**LIABILITY AND DAMAGE ALLEGATIONS COMMON TO ALL COUNTS**

10. At all material times, the Defendant was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the NORWEGIAN "BLISS."

11. At all material times, including the injury date of May 9, 2022, Plaintiff was a fare paying passenger aboard the NORWEGIAN "BLISS" and in that capacity was lawfully present aboard the vessel.

12. On May 9, 2022, while the Plaintiff was onboard the "BLISS" as a fare paying passenger, she proceeded to exit the elevator onto Deck 4, when the automatic elevator door closed prematurely without warning, striking Plaintiff, and causing Plaintiff to sustain significant injuries, including without limitation, to her right shoulder. The malfunctioning elevator door was not open or obvious to Plaintiff.

13. At all material times on May 9, 2022, Plaintiff observed Defendant's ship crew technician, employee, crew member, agent, and/or staff servicing the elevator area where Plaintiff was injured at the time of her incident.

14. At all material times, a dangerous condition existed in the elevator referenced in Paragraph 12 above, to wit: a malfunctioning automatic elevator door that prematurely closed on Defendant's passengers, such as the Plaintiff.

15. At all material times, the Defendant had actual and/or constructive notice of the safety issue of the malfunctioning automatic elevator door as Defendant's ship crew technician had been dispatched and/or was assigned to service the elevator area.

16. Alternatively, the Defendant had actual and/or constructive notice of the safety issue of the malfunctioning automatic door on its vessel described in Paragraph 12 above given the length of time the elevator door in question had been in a malfunctioning condition.

17. As a direct and proximate result of being struck by the automatic elevator door as described in Paragraph 12 above, the Plaintiff was injured in and about her body and extremities, sustaining injuries to her right arm and shoulder, and suffered pain, mental anguish, disfigurement, disability, aggravation or activation of preexisting injuries, and the inability to lead a normal life. Furthermore, she incurred medical, hospital, and other out of pocket and health care expenses in the past and future as a result of her injuries, the future medical damages being reasonably certain

to occur. She has also lost earnings or the capacity to earn money and will continue to have impaired earning capacity in the future. These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

## COUNT I – NEGLIGENT MAINTENANCE
### (DIRECT LIABILITY)

18. Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 17 above and further alleges the following matters.

19. At all material times Defendant owed the Plaintiff, as a fare paying passenger lawfully on board its vessel, a duty of reasonable care for her safety, including a duty to maintain its vessel, including the automatic elevator door that injured Plaintiff, in a reasonably safe condition.

20. At all material times there existed a dangerous condition on the BLISS's vessel, to-wit: a malfunctioning automatic elevator door as described in Paragraph 12 above.

21. At all material times, prior to May 9, 2022, the Defendant had actual and/or constructive notice of the malfunctioning automatic door on its vessel described in Paragraph 12 above for the reasons alleged in Paragraph 13, 15, and 16 above.

22. Notwithstanding the actual and/or constructive knowledge of Defendant, Defendant was responsible for maintaining the automatic elevator door on its vessel but failed to detect or correct the dangerous condition of the automatic door before the Plaintiff was injured as alleged in Paragraph 12 above.

23. On May 9, 2022, Defendant breached its duty to Plaintiff by failing to take reasonable measures to maintain the elevator door in a reasonably safe condition and was thereby negligent, in one or more of the following ways:

    a. Failing to provide reasonably safe elevators/elevator doors for use by its passengers.

    b. Failing to maintain the elevator door in a reasonably safe condition.

    c. Failing to calibrate the door properly.

    d. Failing to maintain the sensors of the elevator door, or other component parts, in safe working order.

    e. Failing to adequately test the proper use and function of its elevators.

    f. Failing to prevent its elevators from malfunctioning.

    g. Failing to correct and/or rectify the defective nature of the elevator door, including the sensors, and other component parts.

    h. Failing to have the proper safety mechanisms in place for malfunctioning elevators.

    i. Failing to conduct sufficient routine inspections of the elevator door to detect and correct hazards.

    j. Failing to instruct and train its employees on the proper use of its elevators.

    k. Failing to redirect passengers away from the dangerously malfunctioning elevator door pending the repair or replacement.

    l. Failing to take the necessary steps to ensure that said elevator would not slam shut into a passenger.

24. As a direct and proximate result of Defendant's negligence as described above, the Plaintiff has sustained and will continue in the future to sustain the damages alleged in paragraph 17 above.

**WHEREFORE,** Plaintiff demands judgment against Defendant, NCL (BAHAMAS) LTD., for compensatory damages, interest and the costs of this action and further demands trial by jury of all issues so triable as of right.

## COUNT II – NEGLIGENT FAILURE TO WARN
### (DIRECT LIABILITY)

25. Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 17 above and further alleges the following matters.

26. At all material times Defendant owed the Plaintiff, as a fare paying passenger lawfully on board its vessel, a duty of reasonable care for her safety, including a duty to warn passengers including the Plaintiff of latent dangerous conditions such as the malfunctioning automatic elevator door described in paragraph 12 above.

27. At all material times there existed a dangerous condition on the BLISS's vessel, to-wit: a malfunctioning automatic elevator door as described in Paragraph 12 above.

28. At all material times, prior to May 9, 2022, the Defendant had actual and/or constructive notice of the malfunctioning automatic door on its vessel described in Paragraph 12 above for the reasons alleged in Paragraph 13, 15, and 16 above.

29. Notwithstanding the actual and/or constructive knowledge of Defendant, Defendant failed to warn passengers, including the Plaintiff, of the dangerous condition of the automatic door before the Plaintiff was struck and injured as alleged in Paragraph 12 above.

30. Specifically, on May 9, 2022, Defendant breached its duty to Plaintiff by failing to warn of the condition of the faulty elevator door that injured Plaintiff, and was thereby negligent, in one or more of the following ways:

    a. Failing to warn of the dangerous condition through written or orally delivered warnings.

      b. Failing to redirect passengers away from the dangerously malfunctioning door pending the repair and/or replacement.

      c. Failing to cordon off the faulty elevator where Plaintiff was injured to such injuries from occurring.

      d. Failing to place appropriate signage, markings, and/or cones near the dangerous condition.

31. As a direct and proximate result of Defendant's negligence as described above, the Plaintiff has sustained and will continue in the future to sustain the damages alleged in paragraph 17 above.

**WHEREFORE,** Plaintiff demands judgment against Defendant, NCL (BAHAMAS) LTD., for compensatory damages, interest and the costs of this action and further demands trial by jury of all issues so triable as of right.

## COUNT III – NEGLIGENT MAINTENANCE
## (VICARIOUS LIABILITY)

32. Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 17 above and further alleges the following matters.

33. At all material times, Defendant NCL was vicariously liable for the negligent acts/or omissions of its crewmembers, crew technicians, agents, representatives, and/or employees, who were acting in furtherance of the business of Defendant's vessel.

34. At all material times, Defendant's crew member and/or ship crew technician was servicing the elevator area where Plaintiff was injured by the malfunctioning elevator door, which was a dangerous condition for passengers.

35. At all material times, the maintenance and upkeep of elevators on the BLISS, was part of the business of the vessel, so that all negligent acts and/or omissions of Defendant's

maintenance or technician crew in connection with the maintenance and upkeep of the elevators were undertaken in furtherance of the business of Defendant and were acts and/or omissions for which Defendant NCL was vicariously liable.

36. At all material times, Defendant's crewmembers, crew technicians, and/or agents aboard the BLISS owed passengers, including the Plaintiff, a duty of reasonable care for their safety, including a duty to maintain the elevators on its vessel, in a reasonably safe condition.

37. At all material times, Defendant's crewmembers, crew technicians, agents, employees, and/or staff, breached the duty owed to Plaintiff and was negligent in one or more of the following ways:

    a. Failing to provide reasonably safe elevators/elevator doors for use by the vessel's passengers.

    b. Failing to properly service the elevators in the area where Plaintiff was injured by the malfunctioning elevator door.

    c. Failing to maintain the elevator door in a reasonably safe condition.

    d. Failing to calibrate the door properly.

    e. Failing to maintain the sensors of the elevator door, or other component parts, in safe working order.

    f. Failing to adequately test the proper use and function of its elevators.

    g. Failing to prevent its elevators from malfunctioning.

    h. Failing to correct and/or rectify the defective nature of the elevator door, including the sensors, and other component parts.

    i. Failing to have the proper safety mechanisms in place for malfunctioning elevators.

  j. Failing to conduct sufficient routine inspections of the elevator door to detect and correct hazards.

  k. Failing to redirect passengers away from the dangerously malfunctioning elevator door pending the repair or replacement.

  l. Failing to have the proper safety mechanisms in place for malfunctioning elevators.

  m. Failing to take the necessary steps to ensure that said elevator would not slam shut into a passenger.

38. The negligent acts and/or omissions of Defendant's crewmembers, crew technicians, agents, representatives and/or employees, as alleged in the preceding paragraph occurred while those crewmembers, maintenance personnel, agents, representatives and/or employees were engaged in furtherance of the business of Defendant's vessel.

39. As a direct and proximate result of the negligence of the crewmember/maintenance personnel as described above, for which Defendant NCL is vicariously liable as alleged above, the Plaintiff has sustained and will continue in the future to sustain the damages alleged in Paragraph 17 above.

**WHEREFORE,** Plaintiff demands judgment against Defendant, NCL (BAHAMAS) LTD., for compensatory damages, interest and the costs of this action and further demands trial by jury of all issues so triable as of right.

### COUNT IV – NEGLIGENT FAILURE TO WARN
### (VICARIOUS LIABILITY)

40. Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 17 above and further alleges the following matters.

41. At all material times, Defendant NCL was vicariously liable for the negligent acts/or omissions of its crewmembers, crew technicians, agents, representatives, and/or employees, who were acting in furtherance of the business of Defendant's vessel.

42. At all material times, Defendant's crew member and/or ship crew technician was servicing the elevator area where Plaintiff was injured by the malfunctioning elevator door, which was a dangerous condition for passengers.

43. At all material times, the maintenance and upkeep of elevators on the BLISS, was part of the business of the vessel, so that all negligent acts and/or omissions of maintenance or technician crew in connection with the maintenance and upkeep of the elevators were undertaken in furtherance of the business of the vessel and were acts and/or omissions for which Defendant NCL was vicariously liable.

44. At all material times, Defendant's crewmembers, crew technicians, and/or agents aboard the BLISS owed passengers, including the Plaintiff, a duty of reasonable care for her safety, including a duty to warn passengers including the Plaintiff of latent dangerous conditions such as the malfunctioning automatic elevator door described in paragraph 12 above.

45. At all material times, all Defendant's crewmember, crew technician, agent, employee, and/or staff, breached the duty owed to Plaintiff and was negligent in one or more of the following ways:

   a. Failing to warn of the dangerous condition through written or orally delivered warnings.

   b. Failing to redirect passengers away from the dangerously malfunctioning door pending the repair and/or replacement.

  c. Failing to cordon off the faulty elevator where Plaintiff was injured to such injuries from occurring.

  d. Failing to place appropriate signage, markings, and/or cones near the dangerous condition.

46. The negligent acts and/or omissions of Defendant's crewmembers, crew technicians, agents, representatives and/or employees, as alleged in the preceding paragraph occurred while those crewmembers, maintenance personnel, agents, representatives and/or employees were engaged in furtherance of the business of Defendant's vessel.

47. As a direct and proximate result of the negligent failure to warn of the crewmember/maintenance personnel as described above, for which Defendant NCL is vicariously liable as alleged above, the Plaintiff has sustained and will continue in the future to sustain the damages alleged in Paragraph 17 above.

**WHEREFORE,** Plaintiff demands judgment against Defendant, NCL (BAHAMAS) LTD., for compensatory damages, interest and the costs of this action and further demands trial by jury of all issues so triable as of right.

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands trial by jury of all issues so triable as of right.

Dated: November 6, 2023

             ***/s/ PHILIP M. GERSON***
             PHILIP M. GERSON
             Florida Bar No. 127290
             pgerson@gslawusa.com
             EDWARD S. SCHWARTZ
             Florida Bar No. 346721
             eschwartz@gslawusa.com
             NICHOLAS I. GERSON
             Florida Bar No. 0020899
             ngerson@gslawusa.com
             DAVID L. MARKEL

> Florida Bar No. 78306
> dmarkel@gslawusa.com
> SHANNON CROSBY
> Florida Bar No. 1010207
> scrosby@gslawusa.com
> filing@gslawusa.com
> **GERSON & SCHWARTZ, P.A.**
> 1980 Coral Way
> Miami, Florida 33145
> Telephone: (305) 371-6000
> Facsimile: (305) 371-5749
> *Attorneys for Plaintiff*